**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF ILLINOIS**

**EASTERN DIVISION**

**ADRIAN MANJARREZ,**

Plaintiff, Case No:

v.

**TRANSUNION LLC,**

Defendant.

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, **Adrian Manjarrez ("Plaintiff")**, by and through the undersigned counsel, and hereby sues Defendant, **TransUnion LLC ("TransUnion")**, and states as follows:

## PRELIMINARY STATEMENT

1. This is an action for damages, exclusive of attorney's fees and costs, brought by Plaintiff against Defendant TransUnion for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

## JURISDICTION AND VENUE

2. Jurisdiction arises under the FCRA, 15 U.S.C. § 1681p, and 28 U.S.C. § 1331.

3. TransUnion is subject to the provisions of the FCRA and to the personal jurisdiction of this Court because it maintains its principal place of business within this District and transacts business here continuously and systematically.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2) because TransUnion resides in Cook County, Illinois, and because the acts and omissions complained of were committed and caused by TransUnion within this District.

## PARTIES

5. Plaintiff is a natural person residing in Odessa, Texas.

6. Plaintiff is a Consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

7. Defendant TransUnion LLC is a Delaware limited liability company with its principal place of business at 555 West Adams Street, Chicago, Illinois 60661.

8. TransUnion is a nationwide "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f). In exchange for monetary fees, dues, or through cooperative arrangements, TransUnion regularly engages in the practice of assembling and evaluating consumer credit information and other information concerning consumers for the purpose of furnishing consumer reports to third parties. TransUnion relies upon the mail, the internet, and other instrumentalities of interstate commerce to prepare and distribute those reports. As such, TransUnion is fully subject to, and aware of, its obligations under the FCRA.

## FACTUAL ALLEGATIONS

### *Plaintiff's Dispute to TransUnion*

9. On or about May 26, 2026, Plaintiff submitted a written dispute to TransUnion identifying four tradelines then appearing on his consumer file: a collection account reported by Credence RM; two revolving charge accounts reported by Comenity Bank, one associated

with the retailer Zales and one identified on Plaintiff's file as "Vctrssec"; and a credit card account reported by Bank of America. **SEE PLAINTIFF'S EXHIBIT A.**

10. Plaintiff's dispute identified, among other things, that TransUnion's reporting of the Bank of America, Comenity Bank/Vctrssec, and Zales Credit Card tradelines contained internally inconsistent data.

11. TransUnion responded to Plaintiff's dispute in a letter dated July 1, 2026, identified by File Number 464048378. **SEE PLAINTIFF'S EXHIBIT B.**

12. TransUnion's July 1, 2026, letter addressed three of the four tradelines Plaintiff disputed. The Comenity Bank/Vctrssec and Zales Credit Card tradelines were reported as updated, with the letter specifying that TransUnion changed the Maximum Delinquency and Rating fields on each. The Bank of America tradeline was reported as verified as accurate, with the letter specifying that TransUnion changed only the account's Historical Trended Data.

13. TransUnion's July 1, 2026, letter did not address, list, or otherwise account for the Credence RM tradeline Plaintiff had disputed.

14. On September 8, 2026, Plaintiff obtained a current copy of his TransUnion consumer file, File Number 464048378. **SEE PLAINTIFF'S EXHIBIT C.** The Credence RM tradeline Plaintiff disputed does not appear anywhere in that file, by name or by the account number Plaintiff identified in his dispute.

***The Comenity Bank/Vctrssec and Zales Credit Card Tradelines***

15. TransUnion's own file for Plaintiff reports the Comenity Bank/Vctrssec and Zales Credit Card tradelines with a Payment Received field of $0 alongside a Last Payment Made date

of July 5, 2022, on each tradeline. A payment cannot be received in the amount of $0 on a specific, dated last payment; the two fields describe mutually exclusive facts about the same transaction.

16. TransUnion's own file reports a Credit Limit of $600 for the Comenity Bank/Vctrssec tradeline and $1,950 for the Zales Credit Card tradeline, notwithstanding that both tradelines are reported with a Pay Status of "Sold; was Charged-off" and a Date Closed of April 30, 2023. A credit limit denotes an amount of credit currently available to the consumer; neither tradeline has been an open, available line of credit since April 2023.

17. TransUnion's own file reports the Remarks field for both the Comenity Bank/Vctrssec and Zales Credit Card tradelines as including the statement "PAID IN FULL/WAS A CHARGE OFF." An account paid in full and an account charged off as a bad debt are mutually exclusive outcomes of the same account.

18. The Comenity Bank/Vctrssec tradeline additionally carries the remark "Completed investigation of FCRA dispute-consumer disagreed," reflecting that TransUnion investigated Plaintiff's dispute of that tradeline and that Plaintiff disagreed with the result. The Zales Credit Card tradeline, reported by the same furnisher at the same address, closed the same day, charged off in the same month, and disputed in the same letter, carries no such remark.

19. TransUnion's September 8, 2026, file shows the Payment Received/Last Payment Made contradiction, the Credit Limit retained on each charged-off account, and the "PAID IN FULL/WAS A CHARGE OFF" contradiction on both tradelines unchanged from how each

defect appeared before Plaintiff's May 26, 2026, dispute and after TransUnion's July 1, 2026, response.

***The Bank of America Tradeline***

20. TransUnion's own file reports the Bank of America tradeline with a historical Credit Limit of $5,000 as of August 2026, notwithstanding that the tradeline is reported with a Pay Status of "Charge-off" and a Date Closed of June 28, 2022.

21. TransUnion's own file reports the Bank of America tradeline's payment history for May, July, and August 2026 with the remarks "CBC" (account closed by consumer) and "PRL" (profit and loss write-off) in each of those months, notwithstanding that the same tradeline's Date Closed field states the account closed on June 28, 2022.

22. TransUnion's July 1, 2026, letter reported that Plaintiff's dispute of the Bank of America tradeline was investigated and verified as accurate, and that TransUnion updated only the tradeline's Historical Trended Data. TransUnion's September 8, 2026, file shows the Credit Limit contradiction identified above unchanged from how it appeared before Plaintiff's dispute and shows the CBC/PRL remarks appearing in the file only in the months following TransUnion's July 1, 2026, verification.

***TransUnion Possessed the Underlying Data***

23. Upon information and belief, the values described above were reported to TransUnion by Comenity Bank and Bank of America, respectively, were contained within TransUnion's file concerning Plaintiff both before and after his May 26, 2026, dispute, and are disclosed by TransUnion to the third parties who purchase consumer reports concerning Plaintiff.

24. Each of the defects described above is apparent on the face of TransUnion's own reporting and required no communication with any furnisher to detect.

## PLAINTIFF'S DAMAGES

25. Plaintiff has a right to have TransUnion follow reasonable procedures to assure the maximum possible accuracy of the information it reports concerning him, and to conduct a reasonable reinvestigation of information he disputes. 15 U.S.C. §§ 1681e(b), 1681i.

26. As a direct and proximate result of TransUnion's conduct described above, Plaintiff is entitled to statutory damages and has suffered actual damages including but not limited to damage to his credit standing, and the aggravation, annoyance, and loss of time associated with disputing inaccurate information that TransUnion failed to correct.

27. Plaintiff has retained the undersigned counsel to represent him in this matter and has assigned to counsel his right to obtain reimbursement of his reasonable fees and costs.

## COUNT ONE
## TRANSUNION WILLFUL VIOLATIONS OF 15 U.S.C. § 1681e(b)

28. Plaintiff adopts and incorporates paragraphs 1 through 27 as if fully stated herein.

29. TransUnion has a duty under 15 U.S.C. § 1681e(b) to follow reasonable procedures to assure maximum possible accuracy of the information it reports concerning a consumer whenever it prepares a consumer report.

30. TransUnion violated that duty by reporting, both before and after Plaintiff's May 26, 2026 dispute, tradelines containing facially contradictory information, including a Payment Received of $0 reported alongside a specific dated Last Payment Made; a Credit Limit

retained on accounts reported as sold or charged off years earlier; a Remarks field stating that an account was simultaneously "PAID IN FULL" and "WAS A CHARGE OFF"; and remarks indicating an account was closed by the consumer in 2026 on a tradeline TransUnion's own Date Closed field states closed in 2022.

31. Each of these defects is apparent on the face of TransUnion's own reporting and required no communication with any furnisher to detect.

32. TransUnion's conduct was willful within the meaning of 15 U.S.C. § 1681n in that it acted knowingly or in reckless disregard of an objectively unreasonable reading of its statutory obligations, particularly where Plaintiff's May 26, 2026, dispute placed TransUnion on direct notice of these contradictions and TransUnion allowed them to persist unchanged in its September 8, 2026, file. *See Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47 (2007).*

33. TransUnion is therefore liable to Plaintiff, pursuant to 15 U.S.C. § 1681n, for the greater of his actual damages and statutory damages of not less than $100 and not more than $1,000 per violation, together with punitive damages, attorney's fees, and costs.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant TransUnion LLC, awarding Plaintiff the following relief:

a. The greater of Plaintiff's actual damages and statutory damages of up to $1,000 per violation, pursuant to 15 U.S.C. § 1681n(a)(1)(A);

b. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n(a)(3); and

d. Such other and further relief as this Court deems just and proper.

## COUNT TWO
## TRANSUNION NEGLIGENT VIOLATIONS OF 15 U.S.C. § 1681e(b)

34. Plaintiff adopts and incorporates paragraphs 1 through 27 as if fully stated herein.

35. TransUnion has a duty under 15 U.S.C. § 1681e(b) to follow reasonable procedures to assure maximum possible accuracy of the information it reports concerning a consumer whenever it prepares a consumer report.

36. TransUnion breached that duty by preparing and furnishing consumer reports concerning Plaintiff that contained the facially contradictory and unsupported information described above.

37. TransUnion's breach was the direct and proximate cause of Plaintiff's damages.

38. TransUnion is therefore liable to Plaintiff pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant TransUnion LLC, awarding Plaintiff the following relief:

a. Plaintiff's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681o(a)(2); and

c. Such other and further relief as this Court deems just and proper.

## COUNT THREE
## TRANSUNION WILLFUL VIOLATIONS OF 15 U.S.C. § 1681i

39. Plaintiff adopts and incorporates paragraphs 1 through 27 as if fully stated herein.

40. TransUnion has a duty under 15 U.S.C. § 1681i(a)(1) to conduct a reasonable reinvestigation of information disputed by a consumer, and under 15 U.S.C. § 1681i(a)(5) to promptly delete or modify information found to be inaccurate, incomplete, or unverifiable.

41. TransUnion breached that duty by failing to address Plaintiff's dispute of the Credence RM tradeline in its July 1, 2026, results letter at all, and by verifying as accurate or only partially updating the Comenity Bank/Vctrssec, Zales Credit Card, and Bank of America tradelines without correcting the facially contradictory data Plaintiff identified in his dispute, each of which remained unchanged in TransUnion's September 8, 2026, file.

42. TransUnion's conduct was willful within the meaning of 15 U.S.C. § 1681n in that it acted knowingly or in reckless disregard of an objectively unreasonable reading of its statutory obligations under § 1681i. See Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47 (2007).

43. TransUnion is therefore liable to Plaintiff, pursuant to 15 U.S.C. § 1681n, for the greater of his actual damages and statutory damages of not less than $100 and not more than $1,000 per violation, together with punitive damages, attorney's fees, and costs.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant TransUnion LLC, awarding Plaintiff the following relief:

a. The greater of Plaintiff's actual damages and statutory damages of up to $1,000 per violation, pursuant to 15 U.S.C. § 1681n(a)(1)(A);

b. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n(a)(3); and

d. Such other and further relief as this Court deems just and proper.

**COUNT FOUR**

**TRANSUNION NEGLIGENT VIOLATIONS OF 15 U.S.C. § 1681i**

44. Plaintiff adopts and incorporates paragraphs 1 through 27 as if fully stated herein.

45. TransUnion has a duty under 15 U.S.C. § 1681i(a)(1) to conduct a reasonable reinvestigation of information disputed by a consumer, and under 15 U.S.C. § 1681i(a)(5) to promptly delete or modify information found to be inaccurate, incomplete, or unverifiable.

46. TransUnion breached that duty as described above.

47. TransUnion's breach was the direct and proximate cause of Plaintiff's damages.

48. TransUnion is therefore liable to Plaintiff pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant TransUnion LLC, awarding Plaintiff the following relief:

a. Plaintiff's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681o(a)(2); and

c. Such other and further relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: 15th September 2026

Respectfully submitted,

***/s/ Esther Oise***
Esther Oise, Esq.
Georgia Bar No. 686342
Oise Law Group, P.C.
2635 Governors Walk Blvd
Snellville, GA 30078
770-895-3736
oiselaw@gmail.com
*Attorney for Plaintiff*

## ATTACHED EXHIBIT LIST

Exhibit A — Plaintiff's May 26, 2026, written dispute to TransUnion LLC.

Exhibit B — TransUnion's July 1, 2026, investigation results letter, File Number 464048378.

Exhibit C — Plaintiff's TransUnion consumer file dated September 8, 2026, File Number 464048378.